Rutledge, Ch. J.
mentioned, that there did not appear to be any culpable omission in this case, on the part of the defendant, so as, make him chargeable. That there was every reason to believe, that the deeds had been mis laid by Ash in his life-time. At least, it did not appear that they ever came to the knowledge, or into the hands of the defendant till í T91. That, at all events, the plaintiffs7 mortgage had not lost its lien, by the entering up of subsequent judgments. That although judgments bind from the time of signing them, yet they must be understood to be subject to all prior incumbrances. The mortgage was not void, by not being on record. The only risk the mortgagee ran, was the chance of another df ed from Ber- *307 wick for the same laud, being put on record before the mortgage in question. If, however, the plaintiffs chose to relinquish their right under the mortgage, and recognise the sale made by the sheriff under the execution, the money might be recovered back from the person to whom it was paid, as money paid by mistake.
Bay, J.
of the same opinion.'
Verdict for defendant.